UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------x

TYRONE DAVIS,

        Petitioner,

  -v-                                 No.  13-CR-986
                                          No.  16-CV-4767

UNITED STATES OF AMERICA,

        Respondent.

-------------------------------------------------------x

<u>MEMORANDUM ORDER</u>

        Petitioner Tyrone Davis ("Petitioner" or "Davis") was convicted, upon a guilty

plea, of conspiring to commit Hobbs Act Robbery, in violation of 18 U.S.C. § 1951, and was

sentenced principally to a custodial term of 87 months' imprisonment.  (Judgment, Docket Entry

No. 214.[1])  Petitioner now moves, <u>pro se</u>, pursuant to 28 U.S.C. § 2255 to vacate, set aside, or

correct his sentence on the basis of ineffective assistance of counsel.

        The Court has reviewed thoroughly the parties' submissions in connection with

Petitioner's 28 U.S.C. § 2255 motion (the "Petition," Docket Entry Nos. 246 and 248),

construing Petitioner's arguments liberally to raise the strongest arguments that they suggest,

<u>Graham v. Henderson</u>, 89 F.3d 75, 79 (2d Cir. 1996).  For the following reasons, the Petitioner's

motion is denied in its entirety.

<u>BACKGROUND</u>

        On December 18, 2013, Petitioner was charged in a three-count indictment with

conspiracy to distribute narcotics in violation of 21 U.S.C. § 846 and 841(b)(1)(A), conspiracy to

---

[1]       Unless otherwise noted, all citations are to the criminal case docket, No. 13-CR-986.

commit Hobbs Act robbery, and possession of a firearm during a crime of violence or drug trafficking offense in violation of 18 U.S.C. § 924(c)(1)(A)(i).  (Indictment, Docket Entry No. 14.)

According to the Presentence Report, Petitioner learned of a shipment of narcotics that was being transported to New York from a Drug Enforcement Agency ("DEA") confidential source.  (Presentence Report ("PSR"), dated April 1, 2015, ¶¶ 15-17.)  Petitioner discussed the potential robbery with Damon Chappelle, who further organized the planning for the robbery.  (Id. ¶¶ 19-24.)  Although Petitioner did not plan to directly take part in the robbery, the other defendants indicated that Petitioner would be paid for his role in orchestrating the robbery.  (Id. ¶ 23.)  On November 18, 2013, Several of Petitioner's co-defendants were informed that the robbery victims were en route to the proposed robbery location, but were intercepted by DEA agents before they could reach it.  (Id. ¶¶ 27-28.)

On January 8, 2015, Petitioner and the Government entered into a plea agreement, in which Petitioner committed to plead guilty to only Count 2, conspiracy to commit Hobbs Act Robbery.  ("Plea Agreement," Docket Entry No. 253-2.)  The Plea Agreement stipulated that "[p]ursuant to U.S.S.G. § 2B3.1(b)(2)(C), a five-level increase is warranted because a firearm was possessed as a part of the intended robbery."  (Id. at 2.)  Accordingly, the parties stipulated that Petitioner's offense level was 23, his criminal history category was IV, and his advisory guidelines sentencing range was 70 to 80 months' imprisonment.  (Id. at 2-3.)

At Petitioners change of plea hearing, the Court asked Petitioner if he "underst[ood] that . . . the agreement includes a stipulation that a firearm was possessed as part of the intended robbery" and if he "undertst[ood] that the fact that a firearm was possessed as part of the intended robbery affects [his] sentencing calculations under the sentencing

guidelines." (Change of Plea Hearing Tr., Docket Entry No. 151, at 18:20-19:2.) Petitioner

responded affirmatively to both questions and stated that he understood that he was "under no

obligation to make an agreement with the government as to whether a firearm was possessed in

connection with the robbery." (Id. at 18:20-19:6.) Petitioner told the Court, and concedes in his

moving papers, that his counsel explained "all aspects of the plea agreement" to him and that he

fully understood the agreement. (Id. at 16:19-17:14; Mot. to Vacate, Set Aside or Correct a

Sentence ("Mot. to Vacate"), Docket Entry No. 246, at ECF pg. 13.)

        The guidelines calculations set forth in the Presentence Report differed from those

stipulated to in the Plea Agreement based on the Probation Department's determination that

Defendant was a Career Offender pursuant to U.S.S.G. § 4B1.1, resulting in a revised guidelines

range of 151 to 188 months' imprisonment. (PSR at 8-9.)

        Petitioner proffers an email dated June 22, 2015, between himself and Steven

Brill, his counsel, in which Petitioner wrote:

> damn! i'm reading where I pleaded to the conspiracy charge. i got 5 pts. for guns.
> i was not suppose [sic] to get those extra pts. you should have stop me from
> involving myself in that part of the plea. do we challenge that to? how can I have
> known anything about guns an i was in jail before any crime took place?

(Docket Entry No. 246, at ECF pg. 25.) Brill responded on June 23, 2015, that:

> I thought long and hard about that and did everything that I could to convince the
> government to take that out. The argument the prosecutor used is that when you
> told a co-defendant about the opportunity to rob someone, you knew it had to
> involve guns. How else do you rob someone?

(Id.)

        At Petitioner's sentencing hearing, the Government, while concurring with the

accuracy of the Probation Department's calculations, stated its intention to honor the Plea

Agreement and seek a sentence within the stipulated guidelines range, which the Court agreed

was sufficient to address the relevant sentencing factors set forth in 18 U.S.C. section 3553(a). (Sentencing Hearing Tr., Docket Entry No. 254, at 25:9-26:7.)

<u>DISCUSSION</u>

A petitioner may prevail on a motion to vacate, set aside or correct his sentence pursuant to 28 U.S.C. § 2255 if he can show that his sentence: (1) was imposed in violation of the Constitution or the laws of the United States; (2) was entered by a court without jurisdiction to impose the sentence; (3) exceeded the maximum detention authorized by law; or (4) is otherwise subject to collateral attack. The grounds for relief under Section 2255 are limited, out of "respect for the finality of criminal sentences, the efficient allocation of judicial resources, and an aversion to retrying issues years after the underlying events took place." <u>United States v. Bokun</u>, 73 F.3d 8, 12 (2d Cir. 1995) (internal quotation marks and citation omitted).

Petitioner contends that his counsel's assistance was ineffective because, during plea negotiations, he failed to object to the 5-point enhancement, pursuant to U.S.S.G. § 2B3.1(b)(2)(C), for possession of a firearm in connection with the robbery for which Petitioner was convicted, based upon the Supreme Court's decision in <u>Johnson v. United States</u>, 135 S. Ct. 2551 (2015). Petitioner also asserts that his counsel's performance was deficient because he failed to contest the facts supporting the application of the firearm enhancement based on the premise that Petitioner was not present when the firearm was possessed and, based on the nature of this crime and his prior criminal history, that Petitioner did not know that the commission of this crime would involve the use of a firearm. (Mot. to Vacate at ECF pg. 13; Petitioner's Reply Letter, 16-cv-4767, Docket Entry No. 5, at 2-3.)

To prevail on an ineffective assistance of counsel claim, Petitioner must show that (1) counsel's performance was deficient under an objective standard of reasonableness; and (2)

Petitioner was prejudiced as a result of counsel's deficient performance. <u>Strickland v.</u> <u>Washington</u>, 466 U.S. 668, 688-94 (1984). In determining whether counsel's performance was deficient, "the court must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance," and the challenger's burden is to show that the errors were "so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment." <u>Id.</u> at 687-89.

In the context of alleged ineffective assistance of counsel rendered in connection with a plea, "[t]he second, or 'prejudice,' requirement . . . focuses on whether counsel's constitutionally ineffective performance affected the outcome of the plea process. <u>Hill v.</u> <u>Lockhart</u>, 474 U.S. 52, 58-59 (1985). "[T]he defendant must show that there is a reasonable probability that, but for counsel's errors," the Government would have been willing to agree to more favorable terms or that "he would not have pleaded guilty and would have insisted on going to trial." <u>Hill</u>, 474 U.S. at 58-59; <u>Kovacs v. United States</u>, 744 F.3d 44, 52 (2d Cir. 2014) (finding that counsel's conduct was prejudicial because "there was a reasonable probability that the petitioner could have negotiated a plea that did not impact [his] immigration status"); <u>see also</u> <u>Padilla v. Kentucky</u>, 559 U.S. 356, 372 (2010) (petitioner "must convince the court that a decision to reject the plea bargain would have been rational under the circumstances"). After "having waived his right to appeal any sentence within or below the Guidelines range, [a defendant] may not do an end-run around his plea agreement[] on the ground of ineffective assistance" of counsel. <u>U.S. v. Williams</u>, 448 Fed. App'x 156, 157 (2d Cir. 2012).

Petitioner's contention that his counsel could have challenged the application of U.S.S.G. § 2B3.1(b)(2)(C) based on <u>Johnson</u> is without merit and thus cannot support a determination that counsel's performance was deficient. <u>See United States v. Arena</u>, 180 F.3d

380, 396 ("Failure to make a meritless argument does not amount to ineffective assistance.").

Petitioner contends that the <u>Johnson</u> decision invalidated conspiracy to commit Hobbs Act Robbery as a crime of violence under 18 U.S.C. section 924(c) and that his counsel should have challenged his section 924(c) count, which would have "removed" the firearm possession enhancement pursuant to U.S.S.G. § 2B3.1(b)(2)(C), from his sentencing calculation.  The <u>Johnson</u> Court, however, found only that the Armed Career Criminal Act, which imposed enhanced sentences on defendants who were previously convicted of three "violent felonies" or certain drug offenses, contained a definition of "violent felony," 18 U.S.C. § 924(e)(2)(B), that was unconstitutionally vague.  In fact, the Second Circuit has recently upheld the categorical constitutionality of conspiracy to commit Hobbs Act robbery as a predicate "crime of violence" for conviction for possessing, brandishing, or discharging a firearm in connection with such a crime pursuant to the residual clause contained in 18 U.S.C. section 924(c)(3)(B).  <u>United States v. Barrett</u>, 903 F.3d 166, 175-77 (2d Cir. 2018).  Petitioner did not plead guilty to his section 924(c) charge and, contrary to his assertion, the application of U.S.S.G. § 2B3.1(b)(2)(C), is not contingent on whether a firearm was possessed in connection with a "crime of violence," but only whether it was possessed in connection with a robbery.  <u>See</u> <u>Scott v. United States</u>, No.10-cr-954-KBF, 16-cv-5127-KBF, 2016 U.S. Dist. LEXIS 91651, at *7-11 (S.D.N.Y. July 13, 2016) (finding nothing in the <u>Johnson</u> decision to undermine the application of U.S.S.G. § 2B3.1(b)(2) to a petitioner convicted of robbery.)  Because any objection to the application of U.S.S.G. § 2B3.1(b)(2)(C) based on <u>Johnson</u> is without merit, the Court concludes that counsel's failure to lodge such an objection did not render his performance deficient.  <u>See</u> <u>Arena</u>, 180 F.3d at 396.

Petitioner's assertion that his counsel's performance was deficient based upon counsel's alleged failure to object to the application of U.S.S.G. § 2B3.1(b)(2)(C) during plea

negotiations is also unavailing.[2]  First, the email exchange proffered by Plaintiff, which is not controverted by any further factual proffers, reveals that counsel actually did "everything [he] could to convince the government to take [the firearm stipulation] out" of the Plea Agreement. (Docket Entry No. 246 at ECF pg. 25.)  That counsel was unsuccessful in persuading the Government to accede to a Plea Agreement without the firearm enhancement is not indicative of objectively deficient assistance.[3]  To the extent Petitioner's motion can be construed to complain that counsel failed to object to the application of the firearm enhancement at sentencing, compliance with the stipulation to that enhancement in the Plea Agreement, which Petitioner knowingly and voluntarily agreed to, does not constitute objectively deficient representation. See Tyson v. United States, No. 12-CV-4993-ADS, 2017 WL 394499, at *4-5 (E.D.N.Y. Jan. 27, 2017) (concluding that counsel does not act deficiently by failing to argue at sentencing against a firearm enhancement that was stipulated to in a plea agreement).

Petitioner has also failed to establish prejudice.  He neither asserts nor provides evidence that the Government would have agreed to a plea agreement that did not include the U.S.S.G. § 2B3.1(b)(2)(C) enhancement.  See Kovacs, 744 F.3d at 52.  Indeed, counsel reported in the proffered email chain that the Government was unwilling to grant such a concession. Furthermore, Petitioner received a benefit from the Plea Agreement insofar as his sentencing

---

[2]     To the extent Petitioner contends that counsel failed to inform him about the firearm enhancement, negatively affecting his ability to make an informed decision about his case, his argument is inconsistent with his statements to this Court at his change of plea hearing and other statements in his moving papers.  (See Mot. to Vacate at ECF pg. 13 ("During the plea negations, all aspects of the plea agreement was [sic] explained to me.").)  The argument is thus baseless and the Court will not address it further.

[3]     Because Petitioner conceded in his motion papers and at his change of plea hearing that his counsel fully informed him of the contours of the Plea Agreement, he cannot establish that, but for, counsel's purportedly deficient conduct in negotiations, he would have rejected the Plea Agreement and elected to stand trial.  See Hill, 474 U.S. at 58-59.

exposure was reduced through the dismissal of the two other counts, including conspiracy to distribute narcotics in violation of 21 U.S.C. sections 846 and 841(b)(1)(A), which entailed a mandatory minimum sentence of 120 months' imprisonment upon conviction, a custodial term significantly greater than his exposure under the Plea Agreement.  See Tyson, 2017 WL 394499, at *5 (finding no prejudice where counsel failed to challenge a firearm enhancement negotiated in a plea agreement because petitioner received a lower guidelines offense level under the plea agreement than he risked after trial due to the three-point reduction for acceptance of responsibility).

Accordingly, Petitioner has failed to meet his heavy burden of establishing ineffective assistance of counsel.

CONCLUSION

For the foregoing reasons, Petitioner's motion brought pursuant to 28 U.S.C. section 2255 is denied in its entirety.

Petitioner may not appeal this order unless "a circuit justice or judge issues a certificate of appealability."  28 U.S.C.S. § 2253(c)(1) (LexisNexis 2008).  A certificate will be granted "if the applicant has made a substantial showing of the denial of a constitutional right."  28 U.S.C.S. § 2253(c)(2) (LexisNexis 2008); see generally United States v. Perez, 129 F.3d 255, 259-60 (2d Cir. 1997) (discussing the standard for issuing a certificate of appealability).  The Court finds that Petitioner will not be able to sustain this burden.  The Court declines to issue a certificate of appealability.  Furthermore, the Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this Memorandum Order would not be taken in good faith.  See Coppedge v. United States, 369 U.S. 438, 444 (1962).

Docket Entry Nos. 246 and 248 are hereby resolved.  The Clerk of Court is directed to enter judgment denying petitioner's motion and to close case No. 16-CV-4767.

SO ORDERED.

Dated: New York, New York
        April 9, 2019

                                              /s/ Laura Taylor Swain
                                              LAURA TAYLOR SWAIN
                                              United States District Judge

Copy mailed to:
Tyrone Davis
No. 49313-066
USP Hazelton
U.S. Penitentiary
P.O. Box 2000
Bruceton Mills, WV 26525